# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE L. RIECO,<br><br>        Plaintiff,<br><br>v.<br><br>McCREARY, et al.,<br>        Defendants. | Civil Action No. 2: 19-cv-1136<br><br>United States District Judge<br>Arthur J. Schwab<br><br>Chief United States Magistrate Judge<br>Cynthia Reed Eddy |

## REPORT & RECOMMENDATION

**I.    Recommendation**

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

**II.    Report**

    A.    *Background*

Plaintiff, Dwayne L. Rieco ("Rieco"), is a very litigious Pennsylvania state prisoner currently housed at SCI-Greene. On September 9, 2019, the Court received Rieco's complaint, dated August 27, 2019. It was not accompanied by the filing fee or a motion for leave to proceed *in forma pauperis*; accordingly, Rieco was advised that the case was administratively closed until such time as Rieco either paid the filing fee in full or submitted a properly completed application to proceed *in forma pauperis*. (ECF No. 4). On October 25, 2019, the Court received Rieco's motion for leave to proceed *in forma pauperis* (ECF No. 5) and a separate Notice from Rieco, in which he acknowledged that he had accumulated three strikes and understood "that he will have

1

to file his motion showing he is placed in imminent danger pursuant to 28 U.S.C. § 1915(g) and will do so as soon as he can get all documents copied and attached to his motion to support his motion." Pl's Notice (ECF No. 6). On November 14, 2019, the Court received Rieco's "Notice of Intimidations by Defendants and Corrections Officers Who are Causing Him Serious Physical Injuries With Methane and Radon Gasses To Cause Him Asphyxiation." (ECF No. 7).

The United States Court of Appeals for the Third Circuit recently clarified that courts may use a flexible approach in assessing IFP applications under the PLRA and "has the authority to dismiss a case 'at any time,' 28 U.S.C. 1915(e)(2), regardless of the status fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 656, 660 (3d Cir. 2019).

Rieco names twelve defendants in the Complaint, nine of which appear to be prisoners, who are currently, or previously had been, housed at SCI-Greene.[1] The gist of Rieco's Complaint is that inmates have threatened to kill and/or harm him and his mother, including threatening to spit in his food, because SCI-Greene correction officials are telling inmates that "Plaintiff raped a little girl and that is why Plaintiff is in jail."[2] Complaint at ¶ IV(C). Rieco alleges that the correction officers have instructed the prisoners on what to say and have paid the prisoners with "food and gifts" in order for Rieco to be "vindictively prosecuted." Complaint, at ¶ 11. He claims that he is in fear of his life and as relief seeks "compensatory damages

---

[1] The Complaint specifically states that the following four defendant-prisoners were not housed at SCI-Greene at the time the complaint was filed: Isaiah Hall, Michael Lee, Cordell Stokes, and Calvin Wenchel. *See* Complaint at 5.

[2] Public state court records indicate that Rieco was convicted in the Court of Common Pleas of Bucks County in 2008 of rape, indecent assault, and assault charges and was sentenced to 10 to 20 years imprisonment. *Commonwealth v. Rieco*, CP–09–CR–0006346–2007. https://ujsportal.pacourts.us/DocketSheets/CP.aspx.

separately and individually; [3] separation transfer from imminent danger and permanent injunctions / PFA for his mother and family from all defendants. . . ." Rieco claims that Defendants have violated his constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth amendments.

In his Notice of Intimidations, Rieco contends that inmate Small "continues to harass and taunt[] Plaintiff to come out of his cell so he can spit blood knowing he is an infected Hepatitis C patient." Notice at ¶ 2. He alleges that correction officers have

> denied plaintiff unhampered interference to seek his access to the court by gassing him inside his confined air space cell causing him serious bronchial injuries with radon and methane gasses forced through the porous concrete floors and walls by pipelines attached to a tank that contains human wastes below the building and is directed to all inmate cells to intimidate and even murder prisoners who litigate cases of instigated false arrests and civil suites in our courts.

*Id.* at ¶ 1. That correction officers are "attempting to murder Plaintiff and he is not sentenced to die wich is implicating his sentence. There is no death warrant from Governor Wolf that has been served to grant him notice . . . ." *Id.* at ¶ 6 (quoted verbatim). He contends that he is being

> exposed to a dust particle coming in his vent . . . and no other inmates on G-D Pod are receiving this cruel and unusual life threatening punishment and diagnostic testing are denied to cover up his factual claims of vindictive prosecution by a kangaroo court lynch mob adverse action of government and is all based on personal interest,

*Id.* at ¶ 7, and that

> water is being used as a weapon they have contaminated it . . . and it is causing Plaintiff's epidermis to breakout in rashes and severe itching to his body and his diet is now bland no fruit. No animal products. No water so he can preserve all toxicant poisons used on him through their devices premeditatively to murder and

---

[3] 42 U.S.C. § 1997e(h) provides that in order for an inmate to recover for emotional distress or psychological injury there has to be a prior showing of physical injury.

3

maim his body . . . and many more are using electricity to mutilate his feet, ankles and legs.

*Id*. at ¶ 9.[4]

    B.    *Relevant Law*

Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three civil actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *Ball v. Famiglio,* 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part by *Coleman v. Tollefson*, -- U.S. --, 135 U.S. 1759, 1763 (2015). Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir.) (en banc), *cert denied,* 533 U.S. 953 (2001).

When deciding whether a prisoner meets the "imminent danger" requirement, a court must examine the situation faced by the prisoner <u>at the time of the filing of the complaint</u>, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Id.* at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

---

[4]    The Court notes that the allegations found in the Complaint and Notice of Intimidations are common themes found in many of Rieco's lawsuits.

To satisfy the imminent danger exception, Rieco must allege facts showing that he was in imminent danger at the time the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997)). The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Id.* at 315 (internal citation omitted). Imminent danger requires a showing of serious physical injury at the time the complaint is filed. *Id.* at 312. The imminent danger exception is available only for genuine emergencies where time is pressing and a threat is real and proximate. *Long v. Lanigan, et al.*, CA No. 10-0798, 2010 WL 703181, *2 (D.N.J., Feb. 23, 2010).

A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are clearly baseless, i.e., allegations that are fantastic or delusional and rise to the level of the irrational or wholly incredible . . . we are not required to accept without question the truth of the plaintiff's allegations." *Brown v. City of Philadelphia*, 331 F. App'x 898, 900 (3d Cir.), *cert. denied*, 558 U.S. 999 (2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). "[C]ourts have the discretion to deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous . . . ." *Ball v. Famiglio*, 726 F.3d 448, 467-68 (3d Cir. 2013), abrogated on other grounds by *Parker v. Montgomery County Correctional Facility*, 870 F.3d 114 (3d Cir. 2017) (applying *Coleman v. Tollefson*, __ U.S. ___, 135 S.Ct. 1759 (2015), for purposes of the

three strike rule, strike takes effect at time of dismissal even if dismissal is the subject of an appeal).

    C.    *Discussion*

Rieco acknowledges that he has accrued at least three strikes under 28 U.S.C. § 1915(g)'s three strike rule.[5] The following three civil actions filed in this Court by Rieco were dismissed as frivolous, malicious and/or for failure to state a claim upon which relief may be granted:

(1) *Dwayne Rieco v. Scire, et al*, No. 13-1360 (W.D. Pa.) (complaint dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); dismissal affirmed by court of appeals (No. 15-3244));

(2) *Dwayne Rieco v. Keffer,* No. 15-0543 (W.D. Pa) (complaint dismissed pre-service for failure to state a claim); and

(3) *Dwayne K. Rieco v. C/O III Roy Baucher*, et al, No. 15-1510 (W.D. Pa.) (complaint dismissed pre-service dismissal for failure to state a claim; appeal dismissed for failure to timely prosecute (No. 16-1271)).[6]

---

[5] The three strike rule announced by the United States Court of Appeals for the Third Circuit in *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) is that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous, malicious, or fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915e(2)(B)(ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure."

[6] The following are additional civil cases filed by Rieco in this district: *Rieco v. Coleman, et al.,* CA No. 14-351 (W.D. Pa.) (dismissed for failure to exhaust administrative remedies); *Rieco v. Moran*, et al, CA No. 14-588 (W.D. Pa.) (motion for partial dismiss granted, remaining clased settled); *Rieco v. Capozza, et al*, CA No. 14-1145 (W.D. Pa.) (dismissed for lack of paying filing fee or submitting proper IFP forms); *Rieco v. Aurandt*, et al, CA No. 15-657 (W.D. Pa.) (jury verdict in favor of defendants); *Rieco v. Gilmore, et al*, CA 17-553 (W.D. Pa) (motion to revoke IFP status granted, case dismissed without prejudice to Plaintiff's right to reopen by paying the full filing fee).

Applying the above legal principles, and taking the Complaint and Notice of Intimidations as a whole, the Court finds that Rieco's allegations are insufficient to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). While he alleges that he has received multiple threats by multiple inmates,[7] he often does not fully identify the individuals who made the threats, the dates the threats were made, or how the threats were conveyed to him.[8] Although Rieco alleges he is continuing to being taunted, this, alone, is not enough to satisfy the imminent danger requirement. Further, Rieco's allegations that the correction officers are trying to murder him, are exposing him to radon and methane gases, and contaminating his water are fanciful, fantastic, and/or delusional.

## III. Conclusion

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 5) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

Plaintiff is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **December 23, 2019**. Plaintiff is

---

[7] It is questionable whether the inmate-defendants are proper defendants under 42 U.S.C. § 1983, as it is not clear that they were acting under color of state law.

[8] Rieco does allege that Michael Lee "by telephone threatened to kill and rape Plaintiff's mother ." Complaint at ¶ 9.

cautioned that failure to file Objections within this timeframe "will waive the right to appeal."

*Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: December 4, 2019

/s Cynthia Reed Eddy  
Cynthia Reed Eddy  
Chief United States Magistrate Judge

cc: DWAYNE L. RIECO
 HU-2494
 SCI Greene
 175 Progress Drive
 Waynesburg, PA 15370
 (via U.S. First Class Mail)